## SOUTHERN CALIFORNIA R. CO. v. SLAUSON.*

### L. A. No. 916; March 7, 1902.

#### 68 Pac. 107.

Appeal—Notice—Time.—An Appeal will be Dismissed where the notice thereof is not given within the statutory time.[1]

Railroad—Adverse Possession.—On an Issue Whether a Railroad has acquired title to land by adverse possession, evidence that the person whom it had authorized to obtain rights of way for its road had an interview with the land owner, at which the latter agreed that the railroad might enter the land and lay its tracks thereon, provided it put in a station, and that on such performance the owner would make a deed of the right of way, was admissible, although there was no written contract to show that the railroad entered the land under the owner's permission, and not hostilely.

Railroad—Adverse Possession.—A Railroad Company and a Land Owner agreed that, if the former would lay its tracks over the land, and put in a station, the owner would make a deed of the right of way; and thereafter the road was built and operated, but no station was built, nor did trains stop on the land. Held, that, the railroad having gone into possession under permission and in consonance with the owner's title, which it was not to have until the performance of conditions which had not been performed, the possession of the railroad was not adverse to the owner.[2]

Quieting Title—Prescription—Findings.—Where, in a suit to quiet title, plaintiff claimed title by prescription, and it was found that plaintiff had no title, the findings were not open to the criticism because of no express findings as to limitations, inasmuch as the finding of the ultimate fact as to the title included the whole controversy.

*For subsequent opinion in bank, see 138 Cal. 342, 94 Am. St. Rep. 58, 71 Pac. 352.

[1] Cited and followed in Barton v. Riverside Water Co., 155 Cal. 515, 101 Pac. 792, 23 L. R. A., N. S., 331, as authority for the rule that after occupancy of land and user by the public for a long time, the owner standing by and offering no objection, although large expense has been gone into by the people in the premises to adapt themselves to resulting conditions, such owner cannot enjoin the further use and cannot recover the property, but is confined to an action for damages.

[2] Cited by the court in Fountain v. Lewiston Nat. Bank, 11 Idaho, 468, 83 Pac. 509, and held not antagonistic to the proposition "that one who purchases a tract of land and pays the purchase price and enters into possession believing he has title—whether he receives a good deed of conveyance, an imperfect one or no deed at all—enters into possession adversely to the vendor and all the rest of the world."

Quieting Title—Appeal.—Whether the Findings in a Suit to quiet title sustain a judgment giving defendant restitution of possession cannot be examined on an appeal from an order denying a motion for a new trial.

APPEAL from Superior Court, Los Angeles County; Lucien Shaw, Judge.

Suit by the Southern California Railroad Company against J. S. Slauson. From a judgment for defendant, plaintiff appeals. Affirmed.

C. N. Sterry and Henry J. Stevens for appellant; Chas. Silent for respondent.

McFARLAND, J.—This is an action to quiet title. It is averred in the first count of the complaint that plaintiff is the owner and in possession of a described strip of land between thirty and forty feet wide and about thirteen hundred feet in length, and that defendant claims some title or interest therein which is without right; and the prayer is that it be decreed that plaintiff is the owner in fee simple of said land, and that its title thereto be quieted as against defendant. In a second count it is averred that for more than five years plaintiff and its predecessors in interest have been in the exclusive possession of a right of way over said land for the use and purpose of operating a railroad over the same, claiming to be the owner of said right of way adversely to any right, title, claim, etc., of defendant; and the prayer in this count is that the plaintiff's title to such right of way be quieted, etc., as against defendant. The judgment of the court below was in favor of defendant, and plaintiff appeals from an order denying its motion for a new trial. It also attempted to appeal from the judgment, but, as the notice of such appeal was not within the statutory time, the appeal from the judgment is dismissed. There are therefore before this court only such questions as can be considered on the appeal from the order denying a new trial.

The only title asserted by appellant is one based on prescription—appellant claiming that it had been in the adverse possession of the premises for more than five years before the commencement of the action. The court found against this asserted title by prescription, and the evidence was sufficient

to support the findings.  During all the time mentioned in the complaint the respondent was the owner in fee of a tract of land which included the premises here in contest.  There was evidence that when the predecessor of appellant—the Los Angeles and Santa Monica Railroad Company—contemplated building a road across the land, the person whom it authorized to obtain rights of way, etc., for such contemplated road had an interview with respondent, at which the latter agreed that the railroad company might go on and build the road over his said land, provided it would put a good depot on it, at which all passenger trains would stop; and that when that was done he would make a deed conveying the right of way.  This evidence was clearly admissible, although there was no written contract to show that the railroad company entered upon the land by respondent's permission, and not hostilely.  The result of the interview was reported to the company, and soon thereafter it began to build the road over the land, and, having completed it, it ran its trains over it.  It continued to operate the road, but did not build the depot, nor stop its trains on respondent's land.  It made no demand for a deed conveying the right of way, nor did respondent make a demand for the construction of the depot, until after five years had elapsed, when the present action was commenced by appellant.  The court correctly found that appellant had no title.  The railroad company having gone into possession under respondent's permission, and in consonance with the latter's title, which it was not to have until it should have performed the conditions named, the statute of limitations would not commence to run until the company had in some open way repudiated that title.  This is elementary law, and we will simply refer to some authorities cited in respondent's brief: Farish v. Coon, 40 Cal. 33; Mauldin v. Cox, 67 Cal. 387, 7 Pac. 804; Unger v. Mooney, 63 Cal. 586, 49 Am. Rep. 100; Kirk v. Smith, 9 Wheat. 288, 6 L. Ed. 81; Wood, Lim., sec. 260.

Appellant contends that the findings are not full enough, because there is no express finding as to the statute of limitations and prescription.  Assuming, without deciding, that this question can be raised on an appeal from an order denying a new trial, we do not think that this contention can be maintained.  The whole question in the case was whether appellant had title.  It based its only claim to title on pre-

scription, and the finding of the ultimate fact that it had no title necessarily included the whole controversy.

The respondent filed a cross-complaint in which he set up his ownership and prayed for judgment declaring him to be the owner in fee of the land in contest and restoring him to possession thereof, and the court rendered judgment in accordance with his prayer. Appellant contends that the part of the judgment giving respondent restitution of possession goes too far, and is, under any view, erroneous. It does not appear clear to us that, even if we could consider the question, we should hold that part of the judgment unwarranted. Appellant brought respondent into court, and asked that he present whatever claim of title he had, and have it adjudicated. The respondent appeared, and set up title in fee, and the court adjudicated that he had such title; and it is difficult to see why, under section 578 of the Code of Civil Procedure, the court did not have jurisdiction to "determine the ultimate rights of the parties on each side," which would include the right of respondent to possession of the premises in contest. It is doubtful if the case at bar could be brought within the declarations made in Railroad Co. v. Smith, 171 U. S. 260, 43 L. Ed. 157, 18 Sup: Ct. Rep. 794, supposing that they correctly state the law. However, this question cannot be here raised. There are, perhaps, differences of opinion as to the question whether, on an appeal from an order denying a new trial, the point can be considered that the court failed to find on some issue material to the decision, which was not necessarily disposed of in the other findings, and upon which evidence was introduced. But the clear result of the cases, from Knight v. Roche, 56 Cal. 15, down, is that the question now under consideration cannot be raised on this appeal. "Whether the findings sustain the judgment entered thereon can be examined only upon an appeal from the judgment": Wheeler v. Bolton, 92 Cal. 159, 28 Pac. 558. "The judgment itself can be reviewed only by a direct appeal taken after its entry": Brison v. Brison, 90 Cal. 323, 327, 27 Pac. 186. There are other cases to the same effect, and these cases do not conflict with Knight v. Roche, supra.

The order appealed from is affirmed.

We concur: Temple, J.; Henshaw, J.